1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  KATHERINE GRIFFIN (CABN 282162)
   Assistant United States Attorney
5
        150 Almaden Boulevard, Suite 900
6       San Jose, California 95113
        Telephone: (408) 535-5061
7       Katherine.Griffin@usdoj.gov

8  Attorneys for United States of America

9
                      UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                         SAN JOSE DIVISION
12

13  UNITED STATES OF AMERICA,            )  CASE NO.: 5:18-CR-612-EJD
                                         )
14          Plaintiff,                   )  STIPULATION AND [PROPOSED] PROTECTIVE
                                         )  ORDER REGARDING DISCOVERY MATERIALS
15      v.                               )
                                         )
16  JOHN MAGAT,                          )
                                         )
17          Defendant.                   )
                                         )
18  _____)

19       The defendant, JOHN MAGAT, is currently charged in the above-captioned case with Felon in

20  Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count One).

21       At the defendant's request, the United States will produce documents and other materials

22  pertaining to the above-listed charges to defense counsel.  Materials contained in this production are

23  deemed by the government to be sensitive (based on witness safety concerns or other comparable

24  concerns), and as such, will be designated and/or labeled as "PROTECTED MATERIALS."[1]   Any

25

26      _____
        [1] If defense counsel disputes the government's designation of specific materials as PROTECTED
27  MATERIALS, then, after meeting and conferring with the government, the defense counsel or the
    government may seek Court intervention to resolve the dispute.  Pending resolution of the dispute the
28  disputed materials shall continue to be treated as PROTECTED MATERIALS subject to the terms of this
    Protective Order.

PROTECTIVE ORDER
5:18-CR-612-EJD                               1

PROTECTED MATERIALS are deemed produced pursuant to the following restrictions:

1. Except when actively being examined for the purpose of the preparation of the defense of defendant, the PROTECTED MATERIALS shall be maintained in a locked, safe, and secure drawer, cabinet, room or safe or secure electronic device (e.g., computer, memory stick), which is accessible only to defense counsel, members of his or her law firm who are working with him or her to prepare the defendant's defense, and his or her investigator(s).

2. Defense counsel, members of his or her law firm, the defendant, and the investigator(s) shall not permit any person access of any kind to the PROTECTED MATERIALS, except as set forth below.

3. The following individuals may examine the PROTECTED MATERIALS for the sole purpose of preparing the defense of the defendant and for no other purpose:

        a) counsel for defendant;

        b) members of defense counsel's law office who are assisting with the preparation of defendant's defense;

        c) defendant, but *only* in the presence of defense counsel or another authorized person listed in this paragraph (defendant may not take or maintain the PROTECTED MATERIALS or copies thereof); and

        d) paralegals, law clerks, discovery coordinators, investigators and/or experts (including mitigation experts) retained by defendant or assigned by the Court to assist in the defense of this matter (the individuals in this subsection (d) may obtain copies of the PROTECTED MATERIALS so long as they secure them pursuant to the requirements of this Protective Order).

If defense counsel determines that additional persons are needed to review the PROTECTED MATERIALS, he or she must obtain a further order of the Court before allowing any other individual to review the materials. Such a request to the Court will only occur after conferring with the government. In the event the parties agree to the additional person or persons, it shall be documented in writing with no need for further involvement of the Court. If the parties cannot agree, defense counsel will make its motion to the Court on sufficient notice to the government so that it may assert its objection.

4.      In addition to defendant having access to the PROTECTED MATERIALS in the manner provided for in paragraph 2(c) above, any incarcerated defendant may have access to the PROTECTED MATERIALS as follows:

      a.  Defense counsel may load the PROTECTED MATERIALS onto a laptop computer that meets the specifications outlined below (an "Approved Laptop") and provide an Approved Laptop to the in-custody defendant on a date that he is scheduled to be placed in a special location by the U.S. Marshals or jail staff for the purpose of reviewing the PROTECTED MATERIALS on an Approved Laptop.  The special location shall be an isolated room or jail cell where the defendant may not have any contact with other inmates.   The defendant shall be permitted to review the PROTECTED MATERIALS on an Approved Laptop for his scheduled date and the Approved Laptop must be retrieved by defense counsel (or designated paralegal) at the end of that day at a time specified by the jail in coordination with the U.S. Marshals.  Any notes taken by the defendant during his review of the PROTECTED MATERIALS on an Approved Laptop must be made electronically on an Approved Laptop.  No writing instrument or paper will be provided to the defendant while he is using an Approved Laptop and he is prohibited from making any notes about the PROTECTED MATERIALS except on an Approved Laptop. The defendant shall not be allowed to bring any writing instrument or paper into the location where the defendant is allowed to review PROTECTED MATERIALS on an approved laptop.

      b.  It is expected that the U.S. Marshals and the jail will coordinate a schedule whereby an incarcerated defendant will be permitted sufficient time to review the PROTECTED MATERIALS on an Approved Laptop.[2]

---

[2]  The expectations recounted in this paragraph are based on similar accommodations made by the U.S. Marshals and the Santa Clara County Jail in separate cases.  This agreement does not bind the U.S. Marshals or any jail, but the parties will use their best efforts to reach the expected results outlined in this paragraph.

c. The Approved Laptops shall have no internet or wireless capabilities. The Approved Laptops must not have any discs, CD-ROMs, electrical cords, or other peripheral devices attached to them or included with them when they are provided to incarcerated defendants. The Approved Laptops must comply with all requirements and specifications set forth by the jail and the United States Marshals.

5. A copy of this Order shall be maintained with the PROTECTED MATERIALS at all times.

6. All individuals other than defense counsel and defendant who receive access to the PROTECTED MATERIALS, prior to receiving access to the materials, shall sign a copy of this Order acknowledging that:

a) they have reviewed the Order;

b) they understand its contents;

c) they agree that they will only access the PROTECTED MATERIALS for the purposes of preparing a defense for defendant; and

d) they understand that failure to abide by this Order may result in sanctions by this Court.

These signed copies shall be maintained by counsel for the parties and shall be made available upon request under seal to the Court.

7. No other person shall be allowed to examine the PROTECTED MATERIALS without further order of the Court. Examination of the PROTECTED MATERIALS shall be done in a secure environment which will not expose the materials to other individuals not listed above.

8. The PROTECTED MATERIALS may be duplicated to the extent necessary to prepare the defense of this matter. Any duplicates will be treated as originals in accordance with this Order.

9. In addition to the undersigned and named parties, this Order shall bind any new counsel for the defendant who later appear in this case.

10. If the PROTECTED MATERIALS are attached to any pleadings or other court submissions, the PROTECTED MATERIALS and any pleadings or submissions referencing those materials shall be filed or lodged under seal.

11. The defense team shall return the PROTECTED MATERIALS (and any duplicate copies of the same) to the United States fourteen calendar days after any one of the following events, whichever is latest in time, occurs: dismissal of all charges against the defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal.

12. After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the United States will maintain a copy of the PROTECTED MATERIALS. The United States will maintain the PROTECTED MATERIALS until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the United States may destroy the PROTECTED MATERIALS. In the event defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide that counsel with a copy of the PROTECTED MATERIALS under the same restrictions as trial and direct appeal defense counsel. Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the district court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

DAVID L. ANDERSON
United States Attorney

Dated: January 31, 2019                    _____/s/_____
KATHERINE GRIFFIN
Assistant United States Attorney

Dated: January 31, 2019                    _____/s/_____
GEORGE BOISSEAU
Counsel for JOHN MAGAT

1        PURSUANT TO STIPULATION, IT IS SO ORDERED that disclosure of the above-described

2   materials shall be restricted as set forth above.

3

4   DATED: _____1/31_____, 2019

5                                                    HON. EDWARD J. DAVILA
                                                     United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28